**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Rinehart, et al., | No. CV-19-01888-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Government Employees Insurance Company, et al., | |
| Defendants. | |

At issue is Defendant Government Employees Insurance Company, Geico General Insurance Company, and Geico Casualty Company ("Movant Defendants") motion to strike certain allegations in and Exhibit 22 to Plaintiffs first amended complaint. (Doc. 26.) The motion is fully briefed and will be denied.

On its own or upon timely motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As the word "may" indicates, whether to strike material that falls within the scope of Rule 12(f) is discretionary. Accordingly, the Court first must determine whether it *may* strike the material at issue by assessing whether the matter is redundant, immaterial, impertinent, or scandalous. If not, the Court may not strike it. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). If so, the Court may (but is not required to) strike the material.

When assessing whether to strike material that falls within Rule 12(f)'s purview, the

Court is mindful that the purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). That said, "[m]otions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015) (internal quotation and citation omitted). Thus, even when material might otherwise fall within Rule 12(f)'s purview, courts generally will not grant a motion to strike unless the movant can show that the material has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

With these principles in mind, Moving Defendants' motion is denied for two reasons. First, Moving Defendants' have not shown that the material has no possible relationship to the controversy. Plaintiffs explain that the allegations and Exhibit at issue are included in the first amended complaint to support their joint venture/alter ego theories. Moving Defendants argue that Plaintiffs did not need to include the level of detail that they have because well-pled factual allegations in a complaint are accepted as true at this stage. Although this might be true, the material at issue is not irrelevant to the case simply because it might be more thorough that Rule 8 requires. Second, Moving Defendants have not shown that the inclusion of this information in the first amended complaint will be prejudicial. As previously explained in the Court's order denying Moving Defendants' motion to seal, the material at issue is derived from otherwise publicly available sources, meaning members of the public already can learn this information if they are interested in doing so. Further, Moving Defendants have not explained how inclusion of this material in the first amended complaint will prejudice their defense.

//
//
//
//

**IT IS ORDERED** that Moving Defendants' motion to strike (Doc. 26) is **DENIED**.

Dated this 17th day of June, 2019.

Douglas L. Rayes
United States District Judge